UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
2010 JUN -8 AM 11: 23
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

Marcos P. Bocanegra, : Case No. 3:09CV2832
:
      Petitioner : Judge Patricia A. Gaughan
:
v. : Magistrate Judge David S. Perelman
:
Margaret A. Beightler, Warden, :
: **REPORT AND RECOMMENDED**
: **DECISION**
      Respondent :

In this *pro se* action in habeas corpus, 28 U.S.C. §2254, petitioner challenges the constitutionality of his May 1, 2008 conviction pursuant to a plea of guilty to one count of sexual battery, upon which he is currently serving a sentence of three years imprisonment.[1] Petitioner was also classified as a sexual offender.

Petitioner appealed his conviction to the Ohio Sixth District Court of Appeals alleging two assignments of error:

> I. The Defendant-Appellant was prejudiced by ineffective assistance of counsel in violation of his right to counsel as guaranteed to him by the Sixth amendment of the United States Constitution which directly caused an involuntary guilty plea to be entered by appellant.

---

[1] Petitioner was also originally charged with one count of gross sexual imposition, but pursuant to a plea agreement a nolle prosequi was entered on that charge.

> II. The Defendant-Appellant entered, the trial court accepted, and sentenced upon an invalid, involuntary guilty plea in violation of Criminal Rule 11.

On June 30, 2009 the appellate court affirmed the conviction and sentence.

In its opinion, the court summarized the facts in petitioner's case as follows:

> Defendant-appellant, Marcos P. Bocanegra, appeals the June 16, 2008 judgment of the Sandusky County Court of Common Pleas which, following a guilty plea to one count of sexual battery, sentenced appellant to three years of imprisonment. For the reasons that follow, we affirm the trial court's judgment.
>
> On April 20, 2007, appellant was indicted on one count of sexual battery, in violation of R.C. 2907.03(A)(2), and one count of gross sexual imposition, in violation of R.C. 2907.05(A)(5). The charges stem from an incident on February 11, 2007, involving a 17 year old female. Appellant was more than ten years older than the young woman. A criminal jury trial was scheduled for May 1, 2008, but the parties entered into a plea agreement in which appellant entered a plea of guilty to the charge of sexual battery and a nolle prosequi was entered as to the charge of gross sexual imposition. Thereafter, on June 16, 2008, appellant was sentenced to three years of imprisonment and classified as a Tier II Sexual Offender. This appeal followed.

Petitioner appealed the appellate court decision to the Ohio Supreme Court alleging the following two propositions of law:

> **Proposition of Law No. I**: Ineffective assistance of trial counsel.
>
> **Proposition of Law No. II**: A Defendant-Appellant entered, the trial court accepted, and sentenced upon an invalid, involuntary guilty plea in violation of Criminal Rule 11.

On November 18, 2009 the state supreme court denied petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question.

In 2009 petitioner filed two motions for judicial release in which he recounted measures

2

he had taken to rehabilitate himself while in prison. Those motions were denied without hearings.

On December 4, 2009 the petitioner filed the instant petition, in which he raises the following two claims for relief:

> **A. GROUND ONE:** Ineffective assistance of counsel
>
> **B. GROUND TWO:** The defendant-appellant entered, the trial court accepted, and sentenced upon an invalid, involuntary guilty plea in violation of Criminal Rule 11.

The provisions of the Antiterrorism and Effective Death Penalty Act, "AEDPA," Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 26, 1996) are controlling herein as the instant petition was filed after the Act's effective date. Lindh v. Murphy, 521 U.S. 320 (1997).

The petition was timely filed in accordance with 28 U.S.C. §2244(d).

At the outset, respondent argues that petitioner's first claim for relief has been procedurally defaulted, in light of the fact that in order to appropriately argue this claim to the state courts he would have had to rely on facts outside the record, which respondent argues would have necessarily had to have been presented in a petition for post-conviction relief pursuant to Ohio Revised Code Section 2953.21. Respondent takes that reasoning a step further by arguing that because no such petition was raised, and because it cannot be raised due to the fact that it would be untimely this argument is procedurally defaulted.

This Court disagrees. The fact of the matter is that petitioner did raise this issue to the state appellate court on direct appeal, and that court did not find procedural default, but instead addressed, and rejected, the merits of the argument. That court was in the best position to find that state procedural rules had not been followed, and it did not do so. For this Court to find

3

procedural default at this point, would be improper.

Turning to merits review, the role of a federal district court in habeas corpus is set forth in Title 28 U.S.C. § 2254 (d) which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has held that the clauses "contrary to" and "unreasonable application of" as found in §2254(d)(1) have independent meanings; Williams v. Taylor, 529 U.S. 420 (2000), with the state court adjudication being "contrary to" Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [that of the Supreme Court];" and with the state court adjudication involving an "unreasonable application of clearly established Federal law, as determined by the Supreme Court" "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but

4

unreasonably applies it to the facts of the particular state prisoner's case," or "if the state court either unreasonably extends a legal principal from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principal to a new context where it should not apply or unreasonably refuses to extend that principal to a new context where it should apply." 120 S.Ct. at 1519-1520. In deciphering the "unreasonable application" clause this Court must inquire as to whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521. Even if the state court decision resulted in an incorrect application of federal law, if that decision is reasonable it will stand. Id. See, Machacek v. Hofbauer, 213 F.3d 947, 953 (6th Cir. 2000).

A petitioner claiming ineffective assistance of counsel must demonstrate that counsel's conduct was so far below acceptable standards of representation that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment to the United States Constitution, and that such deficient performance so prejudiced the defense as to render the trial unfair. Strickland v. Washington, 466 U.S. 668 (1984). See also, United States v. Bavers, 787 F.2d 1022 (6th Cir. 1985). Disagreement by a defendant with tactics and/or strategy will not support a claim of ineffective assistance, and a petitioner in habeas corpus must overcome a presumption that challenged conduct of counsel was a matter of strategy, Strickland, 466 U.S. at 689. Accord, Wilson v. Yukins, unreported, 1999 U.S.Dist. LEXIS 7644 (E.D.Mich. 1999). The prejudice prong of the test may be satisfied by a showing that counsel's error deprived the petitioner of a fundamentally fair trial which resulted in a verdict lacking in reliability. Kimmelman v. Morrison, 477 U.S. 365 (1986).

In the context of a guilty plea the Sixth Circuit has found that defense counsel's

performance was not deficient even though he was not aware that the wrong version of the sentencing guidelines was being applied to his client's case because counsel's advice was "based upon a reasonable decision to offer a guilty plea in exchange for a lighter sentence." Nagi v. United States, 90 F.3d 130, 135 (6th Cir. 1996). Furthermore, even where counsel's advice falls below a standard of reasonableness "the state trial court's proper colloquy can be said to have cured any misunderstanding [petitioner] may have had about the consequences of his plea" thereby rendering defense counsel errors in assurances concerning sentence or probation harmless. Ramos v. Rogers, 170 F.3d 560, 566 (6th Cir. 1999), cert. denied, 528 U.S. 847 (1999).

The state appellate court rejected petitioner's claims of ineffective assistance of counsel, holding in pertinent part:

> In his first assignment of error appellant maintains that the ineffective assistance of his trial counsel caused him to enter an involuntary guilty plea. Specifically, appellant contends that the crime he entered a plea to was the most serious of the indictment and that he entered the plea only after his mother was threatened with prosecution for alleged misconduct involving a witness.
>
> To prove ineffective assistance of counsel defendant must meet the two-prong test established by the Supreme Court in *Strickland v. Washington* (1984) 466 U.S. 668. The Court in *Strickland* held that defendant must show:
>
> "First *** that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687.
>
> Under the first prong, the attorney receives a high presumption of competency. *Vaughn v. Maxwell* (1965), 2 Ohio St.2d 299, 301, and under the second prong, the appellant must show that but for

6

> the attorney's incompetence the case would have had a different outcome. *State v. Bradley* (1989), 42 Ohio St.3d 136, 142-43, quoting, *Strickland v. Washington*, 466 U.S. 668 at 689.
>
> The Ohio Supreme Court has held on multiple occasions that a guilty plea waives the claim to ineffective assistance of counsel, "unless such errors are shown to have precluded the defendant from voluntarily entering into his or her plea pursuant to the dictates of Crim.R. 11 ***." *State v. Kelley* (1991), 57 Ohio St.3d 127, 130. See, also, *State v. Barnett* (1991), 73 Ohio App.3d 244, 248; *State v. Coulon*, 6th Dist. No. WM-07-006, 2007-Ohio-7096, ¶29.
>
> Furthermore, a court must be "highly deferential" and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" in reviewing a claim of ineffective assistance of counsel. Id. at 689. Debatable strategic and tactical decisions may not form the basis of a claim for ineffective assistance of counsel. *State v. Clayton* (1980), 62 Ohio St.2d 45, 48-49. Finally, reviewing courts must not use hindsight to second-guess trial strategy, and must keep in mind that different trial counsel will often defend the same case in different manners. *Strickland*, supra at 689; *State v. Keenan*, 81 Ohio St.3d 133, 152, 1998-Ohio-459.
>
> In the instant case, at the May 1, 2008 plea hearing, appellant was informed by the court that the charges in the indictment were "charges in the alternative" and if appellant had been convicted of both charges he would have only been sentenced on one. Appellant specifically denied being threatened in any way to enter the plea and he stated that he was satisfied with trial counsel's representation. At the June 13, 2008 sentencing, appellant's counsel made a lengthy statement on his behalf and requested that appellant receive community control. Upon review of the foregoing, we find that appellant has failed to demonstrate counsel's deficiency and the resultant prejudice to appellant. Appellant's first assignment of error is not well-taken.

This Court finds that the state appellate court's conclusion that petitioner had not provided adequate evidence of ineffective assistance of counsel did not amount to an objectively unreasonable application of the rule of <u>Strickland</u> to the facts of this case, nor was it an

7

unreasonable determination of the facts in light of the evidence presented, particularly in light of the fact that the proper colloquy would have cured any misunderstanding as to whether he had been threatened prior to entering his plea or as to whether he had been satisfied with counsel's representation. As a consequence, petitioner's claim of ineffective assistance must fail.

In his second claim for relief petitioner challenges the constitutionality of his guilty plea, arguing that it was involuntary and in violation of Rule 11 of the Ohio Rules of Criminal Procedure.

"'A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment.'" Boykin v. Alabama, 395 U.S. 238, 242 (1969). Due to the impact of such a plea on a defendant's constitutional rights, a federal court on habeas corpus review may only overturn a conviction based upon a guilty plea if it is found that the plea violated a petitioner's constitutional right to due process. Brady v. United States, 397 U.S. 742, 747 (1970).

It is manifest that a plea of guilty or no contest is invalid unless it is entered by a defendant knowingly, intelligently and voluntarily, without coercion. Bousley v. United States, 523 U.S. 614, 618 (1998); Brady v. United States, supra at 747; Boykin v. Alabama, supra at 242; Stumpf v. Mitchell, 367 F.3d 594, 600 (6th Cir. 2004), reversed in part on other grounds, 545 U.S. 175 (2005). In order to withstand a post-conviction challenge to the voluntariness of the plea, the record must be clear as to the voluntariness. Boykin v. Alabama, supra at 242.

In a federal habeas corpus proceeding in which a petitioner challenges the validity of a guilty plea it is the duty of the respondent to demonstrate that the guilty plea was entered knowingly, intelligently and voluntarily, which is typically accomplished by submission of a

presumptively correct plea proceeding transcript. Stumpf v. Mitchell, supra at 600, citing Garcia v. Johnson, 991 F.2d 324, 326 (6th Cir. 1993). The totality of the circumstances surrounding the entry of a plea must show that the plea was not coerced by threats or misrepresentations and that the defendant was informed of all the direct consequences of the plea, Brady v. United States, supra at 755; Stumpf v. Mitchell, supra at 609, including potential maximum sentences, King v.Dutton, 17 F.3d 151, 154 (6th Cir. 1994), as well as mandatory minimum sentences, United States v. Stubbs, 279 F.3d 402, 412 (6th Cir. 2002), vacated and remanded on other grounds, 543 U.S. 1104 (2005). A ruling by a state court upholding the validity of the guilty plea is presumed correct, unless there is a showing that the plea proceeding transcript is somehow inadequate to demonstrate that the plea was entered knowingly, intelligently and voluntarily. Stumpf v. Mitchell, supra at 600, citing Garcia, supra at 326-27.

Mere post hoc claims of a petitioner that a plea agreement was different than what appeared on the record cannot, standing alone, overcome the presumption that the guilty plea was valid, the rationale being:

> If we were to rely on [the defendant]'s alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statement during the plea colloquy...indicating the opposite.

Ramos v. Rogers, supra at 566.

In affirming the petitioner's guilty plea the state appellate court held in pertinent part:

> Similarly, in appellant's second assignment of error, he argues that the trial court erred by accepting an "invalid, involuntary guilty plea." Appellant contends that the trial court was aware of the contents of the presentence investigation report ("PSI"), wherein

9

appellant denied the offense and stated that he just entered the guilty plea on the advice of counsel. Appellant asserts that, based on the contents of the PSI, the court should have made further inquiry into the voluntariness of appellant's plea.

Before accepting a plea of guilty, Crim.R. 11(C)(2) requires that the trial court inform a defendant of the constitutional rights he waives by entering the plea. *State v. Nero* (1990), 56 Ohio St.3d 106, 107. Specifically, Crim.R. 11(C)(2) provides:

"In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

"(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

"(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

"(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."

Upon appellate review, the trial court's acceptance of a guilty plea will be considered knowing, intelligent and voluntary so long as, before accepting the plea, the trial court substantially complies with the procedure set forth in Crim.R.11(C). *Nero* at 108. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Id.

Upon review, we find that at the May 1, 2008 plea hearing, the trial

10

> court substantially complied with Crim.R.11(C). The court fully explained the constitutional rights that appellant was waiving by entering the guilty plea. The court questioned appellant regarding the voluntary nature of his plea, including whether any threats had been made, and appellant's satisfaction with his trial counsel. The sentencing range was set forth, including the sexual offender classification. Appellant was also informed of postrelease control and his limited appeal rights.
>
> At the sentencing hearing, the court noted that it had reviewed the PSI. Appellant and his counsel made statements to the court. Appellant did not deny the incident. Appellant stated that he was "a changed person" and that he just wanted to continue with his job and present circumstances. Cf *State v. Hicks*, 2d Dist. No. 22786, 2009-Ohio-2740 (the court affirmed the conviction where in the PSI, the defendant denied the incident but did not protest his innocence in court.) Accordingly, we find that the trial court did not err when it accepted appellant's guilty plea. Appellant's second assignment of error is not well-taken.
>
> On consideration whereof, we find appellant was not prejudiced or prevented from having a fair proceeding and the judgment of the Sandusky County Common Pleas Court is affirmed. Appellant is ordered to pay the costs of his appeal pursuant to App.R. 24.

This Court has reviewed the transcript of the plea proceeding and finds that petitioner's argument that his plea was entered involuntarily is unconvincing, especially in light of the fact that during the plea proceeding he acknowledged that he was entering his plea with full awareness of the maximum penalty he could receive and the rights he was waiving by entering his plea. During the course of his colloquy with the trial court petitioner made no attempt, either personally or through his attorney, and while under an obligation to answer the court's questions truthfully, to inform the court that his plea of guilty was induced by misrepresentation or coercion, that his understanding of the plea agreement differed from what was being described by the court and attorneys, or that he lacked an understanding of the consequences of the charges to

11

which he would be entering a plea. Having failed to do so, he cannot now be heard to say that he was not aware of the consequences which would follow. The petitioner has failed to show that the decision of the state appellate court has either resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the decision was based upon an unreasonable determination of the facts in light of the evidence presented. Consequently, petitioner's second claim for relief is without merit.

In light of all the foregoing it is concluded that no claim of constitutional violation has been presented requiring further proceedings prior to disposition on the merits.

It is, therefore, recommended that the petition be dismissed without further proceedings.

DAVID S. PERELMAN
United States Magistrate Judge

DATE: 6/8/10, 2010

## OBJECTIONS

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).